UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>        Plaintiff,<br>vs.<br><br>**JAMES L. JENSEN**,<br><br>        Defendant. | 3:09-cr-108-JWS-JDR<br><br>**ORDER<br>APPOINTING<br>STANDBY COUNSEL** |

The court may appoint an attorney as "stand-by counsel" to protect the integrity and continuity of the proceedings. Stand-by counsel is appointed to serve as an expert or consultant to the court pursuant to 5 U.S.C. § 3109, and does not represent the defendant. Compare United States v. Mills, 895 F.2d 897 (2nd Cir. 1990). Stand-by counsel may be appointed regardless of whether the defendant is financially able to obtain his/her own representation. The court may appoint counsel to merely advise or give the accused meaningful assistance in the presentation of the defense and to preserve the record for appeal. United States v. Dujanovic, 486

F.2d 182, 187 (9th Cir. 1973); Haslam v. United States, 431 F.2d 362 (9th Cir. 1970), cert. denied 401 U.S. 976, affirmed on r'hg 437 F.2d 955 (1971).  Stand-by counsel may be appointed to relieve the trial judge of the need to explain and enforce basic rules of courtroom protocol or to assist the defendant in overcoming routine obstacles that stand in the way of his/her achievement of their own clearly indicated goals.  If during the proceedings the defendant chooses to retain counsel, stand-by counsel's appointment will ordinarily be terminated.  United States v. Romano, 849 F.2d 812 (3rd Cir. 1988).

The role of stand-by counsel in pro se cases has been defined to some extent by the U.S. Supreme Court.  See McKaskle v. Wiggins, 465 U.S. 168, 104 S.Ct. 944, r'hg denied 465 U.S. 1112, 104 S.Ct. 1620 (1984).  In Wiggins the Supreme Court held that a pro se defendant's Sixth Amendment right to conduct his own defense was not violated by the unsolicited participation of stand-by counsel.

This order does not direct court-appointed stand-by counsel to assume the defense of a defendant in this case.  The appointment of stand-by counsel is not intended to revoke a defendant's Sixth Amendment right to proceed pro se or to prevent a defendant to retain counsel of his/her choosing at the defendant's own expense. Stand-by counsel shall be available to aid defendant James L. Jensen, Jr., "if and when" he requests assistance or decides not to proceed pro se in the preparation of his own defense or in the trial.   Wherefore, the Federal Defender

shall forthwith appoint separate stand-by counsel for defendant James L. Jensen. McKaskle teaches that the objectives underlying the right of self-representation, namely affirmation of individual dignity and autonomy, may be undermined by unsolicited and excessively intrusive participation by the stand-by counsel. The defendant shall be given a fair chance to present his case his own way without disruption to the orderly progression of a trial.

DATED this 21st day of December, 2009, at Anchorage, Alaska.

/s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge