UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | 3:09-cr-00108 JWS |
| | ) | |
| Plaintiff, | ) | ORDER FROM CHAMBERS |
| | ) | |
| vs. | ) | [Re: Motions at dockets 23, |
| | ) | 29, 30, 35, 36, 44, and 45; |
| JAMES L. JENSEN, JR, and | ) | Exhortation to Defendants To |
| ROBIN L. JENSEN, | ) | Consider Proceeding with |
| | ) | Counsel, and Order re Trial |
| Defendants. | ) | Date] |
| | ) | |

## I. MATTERS PRESENTED

Defendants Mr. and Mrs. Jensen, who are proceeding *pro se,* have filed numerous motions seeking dismissal of the charges against them. The motions are found at dockets 23, 29, 30, 35, 35, 44, and 45. These motions were fully briefed, and the magistrate judge filed a report in which he recommended that each be denied. Timely objections were filed by the Jensens. In a final report at docket 83, Magistrate Judge Roberts continues to recommend that the motions all be denied.

The motions to dismiss are disposed below. After addressing the motions, this order sets out a recommendation to defendants concerning how they might better defend themselves against the serious charges brought against them by the United States–a recommendation which this court hopes defendants will carefully consider. Finally, this order requires action concerning the trial date.

## II. STANDARD OF REVIEW

The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."[1] When reviewing a magistrate judge's report and recommendation in a case such as this one, the district court conducts *de novo* review of all conclusions of law,[2] and any findings of fact to which objections have been made.[3] Uncontested findings of fact are reviewed for clear error.[4]

## III. DISCUSSION OF MOTIONS TO DISMISS

This court has reviewed the file and applied the standard of review articulated above. Based thereon, this court can find no material fault[5] with the magistrate judge's final recommended findings and conclusions. The magistrate judge correctly found the facts and applied the law in his initial report. There is nothing in the Jensens' objections which has not been adequately addressed in the initial and final reports from the magistrate judge.[6] For the preceding reasons, this court adopts the findings of fact and conclusions of law recommended by the magistrate judge. Based thereon, the motions at dockets 23, 29, 30, 35, 36, 44, and 45 will all be denied.

## IV. DEFENDANTS SHOULD CONSIDER USING COUNSEL

The charges against defendants are serious. If convicted, defendants might be sentenced to significant periods of incarceration and a large fine. The most serious of the charges in the indictment, an attempt to defeat the payment of a tax in violation of

---

[1] 28 U.S.C. § 636(b)(1).

[2] *Barilla v. Ervin,* 886 F.2d 1514, 1518 (9th Cir. 1989), *overruled on other grounds by Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996).

[3] 28 U.S.C. § 636(b)(1).

[4] *Taberer v. Armstrong World Industries, Inc.,* 954 F.2d 888, 906 (3d Cir. 1992).

[5] There is one mistake of no consequence in the final report at docket 83. It recites incorrectly that the government responded at docket 81 to defendants' objections at docket 80. In fact, the government's filing at docket 81 relates to a discovery motion filed by defendants at docket 33 and an associated motion for reconsideration of the denial of that motion filed at docket 79. The government was neither required to, nor did it, respond to the objections.

[6] Defendants filed an unauthorized additional objection at docket 84 which lacks merit.

26 U.S.C. § 7201, is subject to a maximum penalty of five years in prison and a fine of up to $100,000 upon conviction. While the Jensens each have a constitutional right to self-representation and the magistrate judge has explained the risks and possible consequences of proceeding *pro se*, they also have a right to counsel. Based on the record, it appears the Jensens are reasonably able people, but they have no training in the law. Moreover, like all self-represented litigants, the Jensens necessarily lack the ability to view their own circumstances as objectively as a third person can. Indeed, it is this latter fact which underpins the old adage that even a "lawyer who represents himself has a fool for a client." Of course, the choice of how to proceed remains in the hands of each defendant, but it would be wise to consider asking the previously appointed stand-by lawyers to represent defendants' interests from this point forward.

## V. CONSIDERATION OF TRIAL DATE

In a motion at docket 54, defendants requested that the court continue the trial. In an order at docket 72, the court granted the motion, but only in part, saying that a renewed motion could be filed if necessary as the new trial date approached. That trial date is March 10, 2010. To date the court has not received any further motion to continue, but assumes that a further continuance may be appropriate–at least from the defense standpoint. Accordingly, counsel for the United States, the defendants, and stand-by counsel shall promptly confer. Then on or before **February 24, 2010**, either the parties shall file a joint status report stating that all parties will be prepared for trial on March 10, 2010, or any party who will not be prepared shall file a motion to continue the trial.

## VI. CONCLUSION

For the reasons set out in the preceding sections of this order, the motions at dockets 23, 29, 30, 35, 36, 44, and 45 are each **DENIED**. The defendants are requested to carefully consider having counsel take over their representation at this point. Counsel for the United States, defendants, and stand-by counsel shall promptly confer and then, no later than **February 24, 2010**, either a joint status report advising

that all parties will be prepared to proceed to trial on March 10, 2010, or a motion to continue the trial date shall be filed.

DATED at Anchorage, Alaska, this 16th day of February, 2010.


/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE