UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>           Plaintiff,<br>   vs.<br><br>JAMES L. JENSEN JR,<br>ROBIN L. JENSEN,<br><br>           Defendants. | 3:09-cr-108-JWS-JDR<br><br>**RECOMMENDATION<br>REGARDING<br>MOTION TO DISMISS**<br><br>(Docket No. 100) |

Defendants **James L. Jensen** and **Robin L. Jensen** acting pro se, have filed a motion to dismiss contending that their indictment is defective for failing to allege an essential element of wilfulness in each of the twelve counts of the indictment. Docket 100. The motion is opposed by the government, Docket 101. Defendants filed a reply/response at Docket 103.[1]

Both defendants are charged in Count 1 with an attempt to defeat the payment of a tax in violation of 26 U.S.C. § 7201. The defendants are charged in

---

[1] Contrary to D.Ak.LR 47.1(c) Criminal Motion Practice, defendants did not seek permission to file a response to the government's opposition. In order to expedite the business of the court the response has been considered as if it were properly filed.

Counts 2 through 4 with unlawfully filing a joint false income tax return in violation of 26 U.S.C. § 7206(1). James Jensen is charged in Counts 5 through 8 and Robin Jensen in Counts 9 through 12 with wilfully failing to file an income tax return in violation of 26 U.S.C. § 7203.

The parties agree that an indictment is sufficient if it, first, contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend and "second, enables him to plead an acquittal or conviction and bar a future prosecution for the same offense." See Hamling v. United States, 418 U.S. 87, 117 (1974). Each count of the indictment alleges the element of wilfulness. The defendants seek to impose an additional requirement that wilfulness must be defined in the indictment as being "motivated or prompted by bad faith or evil intent." Motion to Dismiss, Docket 100, p.2.

The defendants fail to note the distinction between the requirements of alleging a crime in an indictment and proving that crime at trial. In United States v. Pomponio, 429 U.S. 10, 97 S.Ct. 22, (r'hrg denied 1976) the United States Supreme Court held that the term "wilful" in the context of statutes prohibiting wilfully filing a false income tax return means a voluntary, intentional violation of a known legal duty and there is no requirement of finding of "evil motive" beyond a specific intent to violate the law. The Supreme Court cited with approval several opinions of the Courts of Appeal including the Ninth Circuit's opinion in United States v. Hawk, 497

F.2d 365, 366-369, cert. denied 419 U.S. 838 (1974).  See also United States v. Powell, 955 F.2d 1206, 1210 (9th Cir. 1991) (Instruction of wilfulness need not include "bad faith" or "bad purpose."  Neither bad purpose nor evil motive is an independent element of a wilful failure to file under the statutory requirements to file tax returns).

The Jensens seize upon the language in Spies v. United States, 317 U.S. 492, 498 (1943) to support their argument that the element of wilfulness requires a showing and hence an allegation of evil motive or intent.  In Spies the Supreme Court explained that the word "wilful" has many meanings and its construction often depends upon its context such as whether it is being applied to non payment of a tax or to the failure to make a tax return.  The court stated: "mere voluntary and purposeful, as distinguished from accidental, omission to make a timely return might meet the test of wilfulness."  Id.  Without a clear showing of Congressional intent the Supreme Court was not willing to assume that mere knowing and intentional default in payment of a tax where there has been no wilful failure to disclose the liability constitutes a criminal offense.  "We would expect wilfulness in such a case to include some element of evil motive and want of justification in view of all the financial circumstances of the taxpayer."  Id.  In Pomponio, supra, the Supreme Court cited Spies in its recitation that there is no requirement to find "evil motive" beyond a specific intent to violate the law.

The defendants also cite <u>United States v. Murdock</u>, 290 U.S. 389 (1933) in their argument that bad faith or evil intent must be shown to meet the requirement of wilfulness. In <u>Murdock</u>, respondent Murdock was indicted for refusal to give testimony and supply information as to deductions claimed on certain income tax returns for monies paid to others. The applicable statute requiring him to answer certain questions did not make a bad purpose or evil intent an element of the offense of refusing to answer. The applicable statute denounced a wilful failure to do various things thought to be requisite to a proper administration of the income tax law. The Supreme Court affirmed the circuit court holding that the government had met its burden of showing more that a mere voluntary failure to supply information, with intent, and good faith to exercise the constitutional privilege to remain silent. The Supreme Court recognized that Murdock's refusal to answer was intentional and lacked legal justification, although the jury might have found that it was not prompted by bad faith or evil intent which the statute made an element of the offense for refusal to give testimony.

The defendants have misread and misapplied their cited case law as to requirements for a lawful indictment. At trial the parties may argue the appropriate language and definition of wilfulness for jury instructions. The indictment, however, is sufficient to give defendants adequate notice of the charges against them and the indictment need not recite "bad faith" or "an evil purpose" to be legally sufficient.

**Therefore, the motion to dismiss lacks merit and should be denied**. IT IS SO RECOMMENDED.

DATED this 4th day of June, 2010, at Anchorage, Alaska.

       John D. Roberts
      JOHN D. ROBERTS
      United States Magistrate Judge

Pursuant to D.Ak.L.M.R. 6(a), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than **4:00 P.M. Tuesday, June 8, 2010. [Objections, if any, to be directed to the assigned district judge for his determination]**. The failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal. McCall v. Andrus, 628 F.2d 1185, 1187-1189 (9th Cir.), cert. denied, 450 U.S. 996 (1981). The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation United States v. Howell, 231 F.3d 615 (9th Cir. 2000). Objections and responses shall not exceed **five (5) pages** in length, and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support. Response(s) to the objections shall be filed on or before **4:00 P.M on Wednesday, June 9, 2010**. The parties shall otherwise comply with provisions of D.Ak.L.M.R. 6(a).

Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed.R.App.P. 4(a)(1) should not be filed until entry of the district court's judgment. See Hilliard v. Kincheloe, 796 F.2d 308 (9th Cir. 1986).