UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | 3:09-cr-108 JWS |
| | ) | |
| vs. | ) | ORDER FROM CHAMBERS |
| | ) | |
| JAMES L. JENSEN, JR., and | ) | [Re: Motion at docket 100 ] |
| ROBIN L. JENSEN, | ) | |
| | ) | |
| Defendants. | ) | |

## I. MOTION PRESENTED

At docket 100, defendants moved to dismiss the indictment. The motion was briefed, and the magistrate judge to whom the motion had been referred filed a report and recommendation at docket 116 in which he recommended that the motion be denied. Defendants filed objections at docket 122 to which the United States responded at docket 127.

## II. STANDARD OF REVIEW

The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."[1] When reviewing a magistrate judge's report and recommendation in a case such as this one, the district court conducts *de*

---

[1] 28 U.S.C. § 636(b)(1).

*novo* review of all conclusions of law,[2] and any findings of fact to which objections have been made.[3] Uncontested findings of fact are reviewed for clear error.[4]

### III.  DISCUSSION

Defendants' objections are essentially a re-hash of the contentions made in the motion at docket 100 and already addressed by the magistrate judge in his report. Defendants, who are not trained in the law (and who appear to be steadfastly ignoring the fact that the court provided them stand-by counsel to consult even though they have exercised their right to represent themselves) have fallen prey to the scourge of many *pro se* litigants, a penchant to find a case or two which contains a sentence or two which, when taken out of context of the particular case and the relevant body of law as a whole, appears to support a desired result.  Then, relying on the fundamental concept of *stare decisis*, the defendants, like so many *pro se* litigants, assert that the issue before this court is controlled by the isolated sentence or two.  In any event, there is nothing in the objections not adequately addressed by Magistrate Judge Roberts' recommendation.  Having applied the standard of review articulated above, this court concludes that the recommendations from the magistrate judge are correct in all material respects.  This court adopts his recommended findings and conclusions. Based thereon, the motion at docket 100 is **DENIED**.

DATED at Anchorage, Alaska, this 10th day of June, 2010.

/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[2] *Barilla v. Ervin,* 886 F.2d 1514, 1518 (9th Cir. 1989), *overruled on other grounds by Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996).

[3] 28 U.S.C. § 636(b)(1).

[4] *Taberer v. Armstrong World Industries, Inc.,* 954 F.2d 888, 906 (3d Cir. 1992).