# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

UNITED STATES OF AMERICA

               Plaintiff,

    vs.

JAMES L. JENSEN, JR,,
ROBIN L. JENSEN,

            Defendants.

3:09-cr-108-JWS-JDR

**<u>ORDER</u>**
**<u>REGARDING</u>**
**<u>DISCOVERY MOTIONS</u>**

Docket Nos. 268, 269, 270, 272

**ORDER RE MOTIONS TO COMPEL** (Dockets 268, 269, 270, 272)

Defendant **Robin Jensen** moves to compel production of material pertaining to Joseph O. Saladino and other related material, Docket 269. She has also moved to compel production of material referenced at the August 23, 2010 hearing, Docket 270. Defendant **James Jensen** moves to compel discovery, Docket 272. The defendants have joined in their co-defendant's motions.[1] The government

---

[1] James Jensen's joinder in motions filed by co-defendant Robin Jensen at Dockets 269 and 270 was procedurally deficient. No separate pleading or joinder

filed a response/opposition to these motions at Dockets 274 (for 270), 275 (for 269), and 276 (for 272). The government has also filed a motion to file reciprocal discovery and inspection as to both defendants, Docket 268. Defendants filed an opposition at Docket 273. *Theses motions are granted in part and denied part as discussed below.*

## Docket 269
## Motion to Compel Production of Material Pertaining to Joseph O. Saladino

This motion seeks discovery under Federal Criminal Rule 16 as well as exculpatory information pursuant to Brady v. Maryland, 373 U.S. 83 (1963), Giglio v. United States, 405 U.S. 150 (1972), United States v. Agurs, 427 U.S. 97 (1976), United States v. Bagley, 476 U.S. 667 (1985), and Kyles v. Whitley, 115 S. Ct. 1555 (1995).

Robin Jensen states that the joint tax returns referenced in Counts 2 through 4 of the Indictment were prepared by Joseph O. Saladino. Saladino was successfully prosecuted for conspiracy to defraud the United States under 18 U.S.C. § 371. United States v. Joseph Oquindo Saladino, et al, Case No. 3:07-cr-00535-BR (D.Or.) The defendant acknowledges that the government has produced some portion of their Saladino files identified as relating to the Jensens. Jensen seeks an order compelling the immediate production of all material from the government's

---

has been filed. Nevertheless the court acknowledges the joinders in the interest of expediting the business of the court.

investigation or prosecution of Saladino "that could be relevant to the preparation of the defense including all such material bearing on the credibility of Saladino or his ability to persuade or deceive customers or potential customers regarding his various tax products."[2]

Federal Criminal Rule 16(a)(2) excepts from discovery "reports, memoranda, or other internal government documents made by an attorney for the government or other government agent in connection with investigating or prosecuting" the case against the moving defendant. Rule 16(a)(1)(E) provides that "the government must permit the defendant [upon request] to inspect and to copy or photograph books, papers, [or] documents" which are within the government's possession, custody or control and are material to the preparation of a defense or intended for use by the government in its case-in-chief at trial or the item was obtained from or belonged to the defendant. Thus, by these two rules not all of the material in the government's possession relevant to the preparation of a defense is discoverable where the document, memorandum or report was made be a government attorney or agent in connection with investigating or prosecuting this case.

Material bearing on the credibility of Saladino appears to fall under Brady material. Material addressing the government's assessment of Saladino's

---

[2] Docket 269, pp. 6-7.

ability to pursue or deceive customers appears to be the government's work product. Materials substantiating the government's claims that Saladino conned hundreds of tax payers or deceived his customers should be produced as discovery if the government intends to use that document in its case-in-chief at trial or the item was obtained from either or both Jensens. To the extent that the government and its agents have information that Saladino and/or his associates represented that his tax services were legitimate or their advice verifiable, or such information that would be material or tending to negate the government's allegation of wilfulness, the material should be disclosed as exculpatory. The defendant's motion serves to inform the government as to how the defendant's claim the discovery sought is material to the preparation of their defense.

Neither defendant has requested specific documents that they deem to be exculpatory. They have not identified which conferences they participated in. The government is not required to conduct an investigation to locate such information not known to it, but it is required to review its agents reports, memorandums and interviews, and agents notes of witness interviews to locate any exculpatory information.

Also included in the defendant's <u>Brady</u> request is any information in the government's possession or knowledge of any person whom the Jensens retained or hired for tax advice where the person withheld material information from them.

The standard for requiring Brady disclosure is Due Process.  Brady does not encompass all information that might necessarily be considered by the defense as helpful to the preparation of a defense.   Rule 16(a)(1)(E) refers to documents and objects per se and not statements of witnesses merely because they have been recorded in a document or a report.  The duty to disclose exculpatory information, however, requires review of all information possessed by the government, whether it relates to tangible objects or statements or a potential witness.

Production of witness statements by the government is governed by the Jencks Act, 18 U.S.C. § 3500.  If the statement is memorialized by a person who is not called as a government witness, then production of such statement shall be produced only to the extent that it is exculpatory.

The request for production of all government and IRS records concerning the Jensens is overly broad and therefore *denied*.  Notes of interviews with individuals relating to this matter are producible as Jencks Act material within the limitations of that statute.  For example, agents notes taken during an interview but never read back to the interviewee and which are not signed or otherwise approved or adopted by the interviewee as his own need not be produced.   A government agent's rough notes are not Jencks Act statements when they are incomplete, truncated in nature, or have become "an unsiftable mix of witness testimony, investigator selections, interpretations and interpolations." United States

v. Mincoff, 574 F.3d 1186 (9th Cir. 2009).

The request for all search warrants, subpoenas, summonses, administrative summons requests and supporting documentation in relation thereto concerning the Jensens or an individual retained on relied upon by them during the time period of the indictment is overly broad and beyond the parameters of Federal Criminal Rule 16.  The government shall provide defendants with copies of any search warrants used in this criminal prosecution.  The government, of course, shall abide by the notice requirement in Federal Criminal Rule 12(b)(4) requiring the government to notify the defendant of its intent to use specified evidence at trial in order to afford the defendant(s) an opportunity to object before trial by filing a motion to suppress evidence.  The general request constitutes an unwarranted fishing expedition.

A defendant is not entitled to discovery in a criminal prosecution merely because the items sought may be material to preparation of a defense.  The defendant is not entitled to a preview of all the government's evidence prior to trial.  Thus, the request for evidence of wilfulness that the government may attempt to introduce at trial is beyond the parameters of the government's duty to disclose discovery where such evidence does not fall under Brady and its progeny or a statutory obligation, or applicable rules or procedure.  The defendant is not entitled to a preview of the government's evidence merely because the admissibility of that

evidence may be "complex" or present a "difficult question that can only be fully briefed after full disclosure." The government has a duty to disclose <u>Brady</u> material even in the absence of a request by the defense. <u>Brady</u> includes impeachment evidence.

Defendants seek immediate disclosure of all requested material. Courts addressing the issue of timeliness of <u>Brady</u> disclosures have stated that the appropriate time is such time as would allow the defense an opportunity to effectively utilize the <u>Brady</u> material. **The motion at Docket 269 is granted in part and denied in part accordingly.**

**Docket 268**
**RE Government's motion for Reciprocal Discovery**

The government seeks reciprocal discovery from defendants pursuant to Federal Rules Criminal procedure 16(b)(1)(A). The rules allows the government, after complying with a request by defendants for similar material, to inspect and to copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions of any of these items if the item is within the defendant's possession, custody or control; and the defendant intends to use them in the defendants case-in-chief at trial. The defendant's, through counsel, previously invoked Fed. R. Crim. P. 16(a) in their request for discovery.

Defendants characterized the government's motion to compel reciprocal discovery as a "threat" and characterize it as absurd stating that the prosecuting

attorneys have likely withheld significant exculpatory evidence.[3]    Such characterization is inappropriate as opposition to producing reciprocal discovery. The defense is not relieved of its obligation to give reciprocal discovery based upon an unsupported claim that the government has withheld exculpatory evidence.

The identity of unnamed professionals from whom the Jensens may have sought relevant tax advice should be within the knowledge of the Jensens. The defendants' request for a "broad general order" for production of information from such unidentified persons, dates or context is an unwarranted attempt to shift the burden to the government to investigate potential defenses for the defendants.

What advice the Jensens sought, as well as the advice they received, may or may not fall into the category of exculpatory material that the government must produce.  The government is in a far better position than the court to analyze its investigative materials and determine what likely constitutes exculpatory evidence.  A "board, general discovery order" as sought by defendants is not warranted simply because the defense counsel may be unaware of information that might be useful to the defense.

Jensen cites <u>United States v. Eley</u>, 335 F. Supp. 353, 357, n.2 (ND GA. 1972) in support of his requests for such broad discovery order.  In the footnote cited, the court addressed instances in which the accused is unaware of what the

---

[3] Docket 269, p.17.

prosecution possess and must therefore resort to a broadside request for "all favorable evidence" in contrast to having to show materiality in order to get <u>Brady</u> disclosures. This court recognizes the defendant's general request for <u>Brady</u> material but such a request does not validate the need for a discovery order beyond what is authorized by the law. <u>Eley</u>, <u>supra</u>, holds that at a minimum the court should be convinced that the information would have a material bearing on defense preparation before it grants pretrial discovery of such information. Id. at 357.

Rule 16 and the Jencks Act provides for general discovery of certain information under certain conditions. <u>Brady</u> recognizes the due process right of a defendant to information in the possession of the prosecution which may exonerate him or reduce punishment. <u>Brady</u> does not replace Rule 16 of the Federal Rules of Criminal Procedure or the Jencks Act.

The government is directed to carefully consider whether the Jensen's <u>Brady</u> request conflicts with any state of federal statutory restrictions and disclose such exculpatory material in accordance with the constitutional mandate of due process.

Defendants note that discovery produced by the government lacks revenue agent reports, special agents' reports, etc. Defendants argue that the missing reports and rough notes "will likely contain additional useful discovery. . ." The test for compelled discovery is not whether it would be useful to the defendant.

"[T]he prosecutor has no duty to disclose information in the possession of governmental agencies which are not investigative arms of the prosecution and have not participated in the case, even if such information might be helpful to the accused." Eley, at 335. The scope of discovery under subdivision (E) is limited by Rule 16(a)(2). Subparagraph (E)(relating to documents and objects) does not contain a requirement contained in subparagraphs (B), (D), and (F) allowing discovery material that "by the exercise of due diligence may become known, to the attorney for the government."

When the defendant requests discovery of documents sought to be material to the preparation of his or her defense, the attorney must make a prima facie showing of materiality. United States v. Cadet, 727 F.2d 1453, 1466 (9th Cir. 1984). The showing of materiality if not satisfied by mere conclusory allegation. Id. To the extent that the motion to compel production of materiality lacks specificity it is hereby denied. To satisfy the requirement of materiality a defendant must make some showing that the pretrial disclosure of the disputed evidence would enable the defendant significantly to alter the quantum of proof in the defendant's favor. United States v. Baker, 453 F.3d 419, 425 (7th Cir. 2006); United States v. Graham, 83 F.3d 1466, 1474 (D.C. Cir. 1996), cert. denied 519 U.S. 1132 (1997).

In reviewing its files, the government should keep in mind inculpatory evidence may be material in some instances. In United States v. Marshall, 132 F.3d

63, 68 (D.C. Cir. 1998) the court recognized that a defendant in possession of such evidence may "alter the quantum of proof in his favor in several ways: by preparing a strategy to confront the damaging evidence at trial; by conducting an investigation to attempt to discredit that evidence; or by not presenting a defense which is undercut by such evidence." *Id.* That the government intends to use evidence at trial is generally sufficient proof of its materiality.

The availability to the defendant of internal government reports, memoranda, and other documents is prohibited by the 2002 Amendment to Rule 16(a)(2) and that Rule now states that discovery of these materials is prohibited. Discovery of documents other than as specified by subdivisions (A), (B) and (D) of Rule 16(a)(1) is limited by Rule 16(a)(2). The limitation applies to internal government documents made by the government attorney or agents in connection with the investigation or prosecution of the case. See United States v. Fort, 472 F.3d 1106, 1113, 1118 (9th Cir. 2007). The court recognizes that the federal criminal rule is intended to prescribe the minimum amount of discovery to which the defendants are entitled. The court also recognizes that the constitutional compulsion of the Brady rule requires the government to disclose matters that go beyond Rule 16(a)(1)(E). However, the court declines to exercise its discretion to order such broad discovery as requested.

The defendants have requested and received discovery from the

government and the government is entitled to similar items in the possession of the defendants. Defendants argue that the government has yet to produce <u>Brady</u> and <u>Giglio</u> material, but they cannot identify missing material. The request in Docket 268 is *granted*. See <u>United States v. Bump</u>, 605 F.2d 548, 551-552 (10th Cir. 1979).

In this motion the government seeks reciprocal discovery pursuant to Federal Criminal Rule 16(b)(1)(A). That rule provides that if the defendant requests disclosure under Rule 16(a)(1)(E) and the government complies, then the defendant must permit the government, upon request, to inspect and copy a photographs. books, papers, documents, data, tangible objects, buildings or places or other copies or portions of any of these items. The request for reciprocal discovery is *granted* as to the items within the defendant's possession, custody, or control and the defendant intends to use the item in the defendant's case-in-chief at trial.

The United States shall certify that it has complied with this discovery order. Reciprocal discovery is triggered even after partial production by the government. <u>United States v. Daniels</u>, 95 F.Supp. 2d 1160, 1165 (D.Ks. 2000). The defendants are on notice that the court may exclude evidence offered by the defense if it should have been but was not produced under Rule 16(b)(1)(A) as ordered by the court. See <u>United States v. Scholl</u>, 166 F.3d 964, 972 (9th Cir. 1999).

In a separate request the government seeks reciprocal discovery concerning expert testimony that the defendant intends to utilize at trial. Pursuant

to Rule 16(b)(1)(C), once the government has complied with a defendant's request for disclosure under Fed. Crim. Rule 16(a)(1)(G), the defendant shall provide to the government a written summary of any testimony the defendant intends to use under rules 702, 703, or 705 for the Federal Rules of Evidence as evidence at trial.

The government's motion seeks an order directing the defendants to comply with Federal Criminal Rule 26.2. This Rule requires the production of a witness statement, other than that of the defendant, after the witness has testified on direct examination with respect to a statement that relates to the subject matter of the witness's testimony. The defendant is directed to comply with this rule to provide such information. The timing of providing the information shall be after the witness has testified unless this court orders otherwise. **The motion for reciprocal discovery is granted accordingly.**

### Docket 270
### Motion to Compel Production of Material Referenced
### at the August 23, 2010 Hearing

Defendant Robin Jensen seeks all information and material that may be helpful to the preparation of the defense pertaining to any private civil judgments or arbitration awards against the Jensens or any out-of-court settlements with private parties and any collection efforts relevant thereto, including but not limiting to any liens, levy, or any actual, attempted, or planned asset seizures by any federal, state or local government agency or officer or anyone acting on their behalf. For reasons

stated herein, this broad request exceeds the scope of Rule 16(a) and need not be produced unless such information or material contains exculpatory information. A defendant is not entitled merely by request to all information or evidence it represents it needs to defend its clients.

United States v. Price, 566 F.3d 900 (9th Cir. 2009), cited by Jensen contains an informative discussion about the prosecutor's duty to provide exculpatory evidence. It is suggested that the prosecution familiarized itself with this case including the obligation of prosecutors to decide what material to turn over and the evaluation of its materiality for the that purpose. Price also teaches that once the defendant produces evidence in support of an inference that the government possessed or knew about material favorable to the defense and fails to disclose it, the burden under the suppression prong of Brady shifts to the government to demonstrate that the prosecutor satisfied his duty to disclose all favorable evidence known to him or that he could have learned from others acting on the government's behalf. 566 F.3d at 910.

The government states it has provided defendants with what the prosecutor believes satisfies their discovery requests. The government agrees to provide its entire file on three creditors and states it has already produced over 4,000 documents on civil liability. Some of these documents were Subpeonaed from Northwest Farm Credit, MNBA America Bank, Health Services

Northwest/Providence, and Exxon Qualified Settlement Fund. To the extent that the defendants already know or should know of essential facts permitting them to use exculpatory evidence, the government is not required to produce witness' statements. United States v. Stewart, 513 F.2d 957 (2nd Cir. 1975). Brady imposes no duty on the prosecutor to ferret out any potentially favorable information to the defense from materials that are disclosed under Brady. United States v. Pelullo, 399 F.3d 197 (3rd Cir. 2003). The prosecution is not required to guess at which civil judgments defendants seek.

Case law teaches that where doubt exists as to the usefulness of the evidence the government should resolve such doubts in favor of full Brady disclosure. United States v. Van Brandy, 726 F.2d 548, 552 (9th cir. 1984). The defendant is essentially arguing over what constitutes Brady material without having viewed that evidence. What may constitute Brady material in one criminal prosecution may not rise to that level in the prosecution of a different individual. The list of documents sought by the defendant is not plainly discoverable under applicable law.

Material must be disclosed pursuant to Brady only if it contains material exculpatory information. See for example, the discussion of an officer's rough notes in United States v. Alverez, 86 F.3d 901, 904 (9th Cir. 1996) (Although officer's notes need not be disclosed pursuant to the Jencks Act as witness statements, they must

be disclosed pursuant to <u>Brady</u> if they contain material and exculpatory information.)

**The motion at Docket 270 is denied except as provided herein or already produced by the government.**

### Docket 272
### Motion to Compel Discovery

The defendant James Jensen seeks an order compelling the disclosure of specific items relating to two persons known to the government to be retained and relied upon by the Jensens, namely Lynne Meredith and Joseph Saladino.

Request No. 1 seeking all material that could be relevant to the preparation of the defense is *denied* as overly broad. That part of the request that seeks material from the Meredith and Palidino (sic) files in the possession of the government. According to the government the Saladino material is contained in 43 disks including over 133,000 bates numbered pages, numerous multi-media files, and 9 disks of email files. The Meredith material consists of over 330,000 bates number pages and approximately 200 boxes. With respect to their discovery requests the defendants need to be more specific in their requests. The government is aware of its duty to seek a protective order when necessary to safeguard third party tax-payer information. With respect to the defendants' <u>Brady</u> requests it is the government's responsibility to review the Meredith and Saladino files in the possession of the government and produce exculpatory information that is patently material to a reliance defense.

Request No. 2 is granted with respect to materials obtained from or belonging to the defendant(s) if the item is within the government's possession, custody or control. The discovery request for all materials seized from the defendants in from the government's investigation of Meradith or Saladino is denied as overly broad and beyond the government's duty to disclose as discovery.

Request No. 3 is granted to the extent it seeks items obtained from others but belonging to the defendant if the item is within the government's possession, custody or control, or were obtained from a defendant in this case.

Requests No. 4 and 5 are granted in conformity with Rule 16(a)(B).

Request 6 seeks government and IRS records concerning the Jensen's or an advisor to them. To the extent that the defendant means by "records" reports, memoranda or other internal government documents the discovery requested is denied. Rule 16(a)(2). to the extent that "records" refers to statements made by prospective government witnesses the request is governed by the Jencks Act and is granted in conformity thereto. To the extent that "records" refers to documents covered by Rule 16(a)(E) the request is redundant.

Request No. 7 is granted with respect to records of arrest, prosecution or conviction of a government witness or the defendant's prior record.

Request No. 8 seeking names of prospective government witnesses, and Request No. 9 seeking names of persons giving relevant information to the

government about this case whom the government does not intend to call as witnesses at trial, are denied. The United States is not required to furnish defendant(s) with the names of its witnesses in a non-capital case. United States v. Steele, 759 F.2d 706, 709 (9th Cir. 1985); United States v. Sukumolachan, 610 F.2d 685, 688 (9th cir. 1980).

Requests No. 10, 11 and 12 seek any statement of any witness that could be considered as inconsistent with any other statement the witness ever made are denied as an overly broad discovery request. Inconsistent statements are subject to production as Jencks Act material or exculpatory information where applicable.

Request 13 is granted limited to government witnesses and benefits promised or provided to that witness is exchange for cooperation or testimony in this prosecution.

Request 14 is granted to the extent that the government shall provide the defense with a written summary of any testimony that the government intends to use under Rule 702, 703, or 705 of the Federal Rules of Evidence during its case-in-chief at trial. In compliance with that Rule the summary must described the witnesses opinions, the basis and reasons for those opinions, and the witnesses qualifications. See Fed. Cr. Rule 16(a)(g).

Request 15 seeking a transcript and exhibits of all pre-indictment

hearings in this matter is denied. Defendants have retained counsel and may obtain such transcripts by making a proper request to the clerk of court. Likewise, the government is not required to provide the defendants with a transcript of proceedings concerning any individual relied upon or retained by the Jensens. In the event that a search warrant has been used in the investigation of this prosecution the government shall provide a copy of the search warrant and search warrant affidavit to the defendants.

With respect to Request 16, the government shall provide the names of government attorneys who presented this case before the grand jury.

Request 17 seeks information regarding evidence the government intends to introduce under Federal Rule of Evidence 404. The government is directed to notify the defendant on the record of the general nature of evidence of extrinsic acts which it intends to use as evidence at trial. In conformity with Federal Rule of Evidence 404(b) as amended, and an order to reduce surprise and promote early resolution of the admissibility of evidence, the government is directed to advise defendants within seven (7) days prior to trial whether or not it intends to offer any evidence in its case- in-chief pursuant to Federal Rule of Evidence 404(b) (other crimes, wrongs, or acts) or Federal Rule of Evidence 609 (impeachment by evidence of conviction of crime). This Rule is not intended to supersede the Jencks Act, 18 U.S.C. § 3500, nor require the prosecutor to disclose the names of government

witnesses.  The United States is not required to disclose as pretrial discovery any evidence of a defendant'(s) prior wrongs or similar acts which will not be offered at trial.  United States v. Anderson, 799 F.2d 1438, 1440 (11th Cir. 1986).

With respect to Request 18, the government is directed to preserve all rough notes of interviews within individuals relating to this prosecution.  The defendants may be able to obtain this information as Jencks material.

Requests 19 and 20 seeking reports and forms of government agents or IRS records concerning any individual relied upon or retained by the defendants for the time periods covered by the Indictment is denied to the extent it seeks pre-trial discovery.  Such items may become available to the defense as Jencks material or for cross-examination of a testifying government witness at trial.

Request 21 is denied except as previously allowed in the order at Docket 174.

Request 22 is granted with respect to search warrants relating to the investigation of this case.  With respect to subpoenas or documents that might relate to the grand jury proceedings, the request is denied.  The defendant has made no particularity showing to divulge information before the grand jury.  *Compare* Douglass Oil Co., v. Petrol Stops Northwest, 441 U.S. 211 (1979).  Federal Criminal Rule 6(e)(3) prohibits the disclosure of matters occurring before the grand jury unless such release is made pursuant to one of the exceptions set forth in that Rule.

The defendants have made no such showing.

Request 23 is granted with respect to government witnesses.

Request 24 is granted with respect to disclosing any benefits, promises, inducements to government witnesses in exchange for their testimony or cooperation.

Request 25 is overly broad. However, the government shall be prepared to provide any prior written statement of an agent or government employee who testifies, or any correspondence as sought that contains exculpatory information.

Request No.26 is granted to the extent that such logs, files sought or notes sought are within the government's possession, custody or control and meet the pre-requisites of Rule 16(a)(1)(E).

Request No. 27 is overly broad in that it seeks all the records maintained by the Internal Revenue Service concerning the Jensens. Said request is denied.

Request No. 28 seeks the identity of any confidential informant, informant, or cooperating witness. Disclosure is mandated when an informant participated in events that were critical to the prosecution's case. United States v. Hernandez, 608 F.2d 741, 744-45 (9th Cir. 1979). Where an informant's testimony is essential to a fair determination, the government may be required to disclose

informant's identity and address.  <u>United States v. Roberts</u>, 388 F.2d 646 (2nd Cir. 1968); <u>United States v. Anderson</u>, 509 F.2d 724 (9th Cir. 1975).

The prosecutor may submit an affidavit of facts relating to the role of any informer in the investigation and/or prosecution of a case to the court in order that the court may balance the defendant's need for the informer's identity with the public interest in the government's opposition to the disclosure of the identity of such person whose information precipitated the prosecution.  *Compare* <u>United States v. Ordonez</u>, 737 F.2d 793 (9th Cir. 1984); <u>United States v. Rawlinson</u>, 487 F.2d 5 (9th Cir. 1973), <u>cert</u>. <u>denied</u> 415 U.S. 984 (1974).  The definition of an informer for this purpose includes any person who provides evidence against a defendant for some personal advantage or vindication, as well as for pay or immunity.  <u>The People of the Territory of Guam v. Dela Rosa</u>, 644 F.2d 1257 (9th Cir. 1981).

Request No. 29 is denied for the same reason in the ruling for Request No. 9.

Request No. 30 is granted with respect to any material false statement made by a government witness shall be provided along with Jencks Act material.

Request No. 31 is granted limited to the record of any misconduct a government witness or content of an employment or personnel file that would constitute exculpatory information.

Request No. 32 as drafted is overly board and denied.  The government

need not disclose internal audits or tax record information including returns of its witnesses unless such information is relevant to the motivation for the witness to testify or may be useful by the defense to impeach or discredit that witness.

Request No. 33 is overly broad and may seek privileged information or non public information beyond that which constitutes exculpatory evidence. Reference to "any person the defendant retained or relied upon" is vague. With respect to Meradith and Saladino the government shall provide case numbers for any cases known to it to contain a probation report, pre-sentence report or sentencing memorandum. Probation reports are generally non-public documents. The government should review such report to determine if it contains any exculpatory evidence and if so present that matter to the court for an <u>in</u> <u>camera</u> review.

**To the extent that the foregoing requests seek pretrial discovery the requests are denied except as specifically addressed herein.** The government is directed to consider each of these requests to the extent that they may identify any exculpatory evidence to which a defendant is entitled. **Where discovery has been granted it should be provided to the defendants within ten (10) days of the date of this order.** Jencks material should be provided in accordance with the court's pretrial order or if none after the witness(es) testify at trial. The prosecutor shall submit an affidavit that they have reviewed government

files and directed appropriate government agents to do the same to identify exculpatory information that the government will provide at a meaningful time.

## Application of All Pending Motions

### General Provisions Relating to Defendants' Motions

Rule 16 permits discovery that is "relevant to the development of a possible defense." United States v. Clegg, 740 F.2d 16, 18 (9th Cir. 1984). The defendant must make a prime facie showing of materiality to obtain discovery under Rule 16. United States v. Mandel, 914 F.2d 1215, 1219 (9th Cir. 1990). "Neither a general description of the information sought nor conclusory allegations of materiality suffice. . . . " *Id.*

A defendant's mere speculation about materials in the government files does not require the district court under Brady to make materials available for the defendant's inspection. United States v. Michaels, 796 F.2d 1112, 1116 (9th Cir. 1986). Brady supra does not establish a "duty to provide defense counsel with unlimited discovery of everything known by the prosecutor." *Id*, citing United States v. Agurs, 427 U.S. 97, 106 (1975).

Brady does not compel the government "to furnish the defendant with information which he already has or has, with any reasonable diligence, he can obtain himself." United States v. Pelullo, 399 F.3d 197, 213 (3rd Cir. 2005) citing United States v. Campagnuolo, 592 F.2d 852, 861 (5th Cir. 1979). In addition to the

government providing an extensive number of documents, the government claims it lacks specific knowledge about the existence of favorable material evidence beyond what it has and is producing to the defendants.

The defendants' request for all government reports is overly broad. Not all government agent reports are discoverable under Federal Criminal Rule 16. An agent's evaluation of a case is his work product and not discoverable unless it specifically falls under Rule 16, the Jencks Act, or Brady/Giglio material. This includes special agent reports and 9131 reports. The defendants' mere speculation that such documents may contain references to civil liabilities is insufficient to compel their discovery. Mere speculation by the defendants does not entitle them to have documents produced on the chance that they might contain helpful information. United States v. Reed, 726 F.2d 570, 577 (9th Cir. 1984); United States v. Davis, 752 F.2d 963, 976 (5th Cir. 1985). The prosecution is not required to deliver its entire file to the defense counsel. United States v. Bagley, 473 U.S. 667, 675 (1985). Brady does not create any pretrial discovery privileges not contained in the Federal Rules of Criminal Procedure. Flores, 540 F.2d at 438.

Brady does not compel the government "to furnish the defendant with information which he already has or has, with any reasonable diligence, he can obtain himself." United States v. Pelullo, 399 F.3d 197, 213 (3rd Cir. 2005) citing United States v. Campagnuolo, 592 F.2d 852, 861 (5th Cir. 1979). In addition to the

government providing an extensive number of documents, the government claims it lacks specific knowledge about the existence of favorable material evidence beyond what it has and is producing to the defendants.

Brady requires the disclosure of exculpatory evidence which the government is aware of and which is within its custody or control.  United States v. Flores, 540 F.2d 432, 438 (9th Cir. 1976).  In United States v. Gordon, 844 F.2d 1397 (9th Cir. 1988) the court cited United States v. Bagley, 473 U.S. 667, 682-685 (1985) and stated:

> Under Brady, the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or innocence.  Favorable evidence includes impeachment evidence.  See Giglio v. United States, 405 U.S. 150, 154 (1972).   Assuming the evidence is favorable (either exculpatory or as impeachment), failure to disclose only requires reversal if the evidence is material:  "the evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.   A 'reasonable probability' is a probability sufficient to undermine confidence in the outcome."See also United States v. Andersson, 813 F.2d 1450, 1458-59 (9th Cir. 1987).

The Brady doctrine, is not absolute.  As stated in United States v. Pollock, 534 F.2d 964, 975 (D.C. Cir. 1976), "broad as this mandate may be, it does not require that all information concerning the government witnesses be made available to the defense."   In addition with respect to alleged Brady material

contained in Jencks Act statements, "disclosure is generally timely if the government complies with the Jencks Act." United States v. Anderson, 574 F.2d 1347, 1352 (5th Cir. 1978); United States v. Martino, 648 F.2d 367, 384 (5th Cir. 1981). The Ninth Circuit has held that "Brady exists as an independent foundation to preserve evidence and is not intended to override the mandate of the Jencks Act." United States v. Bernard, 623 F.2d 551, 556 (9th Cir. 1979).

Under Brady, the prosecutor is charged with knowledge of the significance of the evidence in his file regardless of whether he overlooks it. United States v. Agurs, 427 U.S. 97 (1976). Whether the requested evidence is exculpatory to the issue of guilt or punishment is left in the first instance to the prosecutor. The materiality of such evidence should be judged by reference to the evidence considered collectively not piecemeal. According to the government's response, various documents and information have already been furnished to defendant. Except as provided herein, the court declines to order specific disclosure of information, although the government should abide by its obligations under Brady, supra.

The defendant's Due Process right to exculpatory information is independent of and supersedes the scope of discovery allowed under Rule 16. See Id. at 107 ("We are not considering the scope of discovery authorized by the Federal Rules of Criminal Procedure. . . . We are dealing with the defendant's right to a fair

trial mandated by the Due Process Clause.")  United States v. DeMarco, 407 F.Supp. 107, 111 n.2 (C.D. Cal. 1975) (fact that government memoranda are not discoverable under Rule 16(b) [now 16(a)(2)] cannot qualify the government's duty under Brady); 2. C. Wright, Federal Practice & Procedure:  Criminal 2d, § 254 at 81 (1982).  Evidence is material where it has some significant potential for actually influencing the outcome of the case.  Evidence is "material" within the meaning of Brady when there is a reasonable probability that had the evidence been disclosed, the result of the proceeding would have been different.  Cone v. Bell, 129 S.Ct. 1769 (2009).

The specific requests put the prosecutor on notice as to what the defense believes will be helpful to it.  Such notice raises the level of the prosecution's obligation of disclosure.  The government should carefully consider as potentially exculpatory, evidence in its possession that might detract from the strength of the government's evidence for trial or sentencing or contradict the incriminating inferences flowing from the prosecution's evidence.

Where there is a substantial basis for claiming materiality, the prosecution should consider either responding by furnishing the information to the defense or by submitting the matter timely to the trial court for pretrial resolution. See Pennsylvania v. Ritchie, 480 U.S. 39 (1987) holding that the trial court may conduct a review of specified items in camera under appropriate circumstances. In

addition to seeking an in camera review the government may also seek a protective order regarding specific kinds of material that are subject to discovery.   Where the prosecutor knows or should know of perjured testimony the failure to disclose it would likely constitute prosecutorial misconduct.   The prosecutor should also carefully review any evidence that provides any reason to question the veracity of a government witness.

As for the specific requests for <u>Brady</u> material an incomplete response may have the effect of representing to the defense that the evidence does not exists. A misleading representation may cause the defense to abandon a line of independent investigation or trial strategy they would otherwise have pursued.  The Due Process duty to disclose extends only to evidence and not to strategy. <u>Weatherford v. Bursey</u>, 429 U.S. 545 (1977).  The court noted that <u>Brady</u> relates only to concealing evidence favorable to the accused, not to providing the defense with notice it might use to improve its preparation to counter the government's evidence at trial.

The government's <u>Brady</u> obligation extends to the files of agencies that were responsible for the primary investigation in this prosecution.   <u>Strickler v. Greene</u>, 527 U.S. 263 (1999).  See also <u>United States v. Osorio</u>, 929 F.2d 753 (1st Cir. 1991) (Government attorney has a duty to search for and produce impeachment information requested, by making "reasonable inquiry" in a "position to have

reasonable knowledge."). The prosecution's obligation extends to information available to other members of the "prosecution team." This obligation has been held not to extend to independent agencies not involved in the investigation of the case such as a probation department. United States v. Zavala, 839 F.2d 523 (9th Cir. 1988). However, in accessing the extent to which the prosecution may be obliged to attempt to obtain exculpatory material from an independent source the government should consider the potential unfairness to the defendant if the information is not provided; the defendant's access or lack of access to the evidence; the burden on the prosecution to obtain the evidence; and the degree of cooperation between the two authorities or sources in general and in this particular case. See United States v. Perdomo, 929 F.2d 967 (3rd Cir. 1991).

Where the defense is aware of the exculpatory nature of particular evidence it may not be excused from its lack of diligence in obtaining evidence from a source other than the prosecutor. See Rector v. Johnson, 120 F.3d 551 (5th Cir. 1997)( no Brady violation when evidence was readily available to defense counsel."). The defense should use due diligence to obtain material available by subpoena or through public records.

Due process requires that disclosure of exculpatory evidence be made timely to permit the defendant to make effective use of that evidence at trial. This standard may require pretrial disclosure depending upon the nature of the evidence.

Where the government does not intend to call a witness who could present exculpatory testimony, disclosure of the exculpatory information should be prior to trial to allow the defense an opportunity to subpoena the witness for trial.

There is conflicting authority concerning the timing of disclosure of witness statements falling under the Jencks statute. The better view is that is that the Constitution requires even Jencks material to be produced before jury selection to satisfy the Due Process requirement. See United States v. Beckford, 962 F. Supp. 780 (Ed. VA. 1997), reviewing conflicting authority concerning the tension between Brady and the Jencks Act. Generally, the prosecution may be able to satisfy its constitutional obligation by disclosure of witness statements at trial.

The government is directed to review its evidence and, if it contains information which is exculpatory under Brady, the government shall timely disclose such information to the defendant.[4] If, upon review, the government believes that no additional Brady information is contained in its files, then the government shall so respond to the defendant in writing.

---

[4] "Brady does not necessarily require that the prosecution turn over exculpatory material before, rather than at trial. To escape the Brady sanction, disclosure 'must be made at a time when disclosure would be of value to the accused.' United States v. Davenport, 753 F.2d 1460, 1462 (9th Cir. 1985); see also, United States v. Shelton, 588 F.2d 1242, 1247 (9th Cir. 1978) (delay in disclosure only requires reversal if it so prejudiced appellant's preparation or presentation of his defense that he was prevented from receiving a fair trial), cert. denied, 442 U.S. 909 (1979)." United States v. Gordon, supra.

<u>Jencks Act Requests</u>

Documents that are written by a witness himself fall within the written statement definition for production whether or not they are signed by the witness. <u>United States v. Wallace</u>, 848 F.2d 1464 (9th Cir. 1988). Reports written by investigators and submitted to their superiors are regularly treated either as (1) statements subject to Jencks Act disclosure, if the investigator testifies regardless of whether the report was signed or exactly how the investigator adopted or (2) approved as his own report. <u>United States v. New</u>, 491 F.3d 369 (8th Cir. 2007).

DATED this 5th day of April, 2011, at Anchorage, Alaska.

 /s/ John D. Roberts
JOHN D. ROBERTS
United States Magistrate Judge