# UNITED STATES DISTRICT COURT

## DISTRICT OF ALASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 3:09-cr-00108 JWS |
| | ) | |
| vs. | ) | ORDER AND OPINION |
| | ) | |
| JAMES L. JENSEN and ROBIN L. JENSEN, | ) ) | [Re:  Motions at dockets 277, 278, and 291] |
| | ) | |
| Defendants. | ) | |
| | ) | |

## I.  MOTIONS PRESENTED

At docket 277, the United States of America moves *in limine* for an order that the defendants be required to establish a foundation for any evidence introduced to support their beliefs regarding the federal income tax.  Defendant Robin L. Jensen opposes the motion at docket 285.  Defendant James L. Jensen opposes the motion at docket 286.

At docket 278, the United States of America moves *in limine* to preclude the defendants from introducing lay opinion testimony regarding the defendants' views of the federal income tax.  James Jensen opposes the motion at docket 287.

At docket 291, the government moves to strike the opposition at docket 287. James Jensen opposes the motion at docket 294.

## II.  DISCUSSION

**A.  Motion *In Limine* at Docket 277**

Defendants are charged under Internal Revenue Code §§ 7201, 7206(1), and 7203.  Each of those provisions requires a showing of willfulness.  At issue is the defendants' assertion of good faith reliance on the advice of a tax professional to negate willfulness.  The thrust of the government's argument is that the "actual reliance" element of the good faith defense requires a foundation in the form of the defendant's testimony.

The government maintains that "[t]he majority of courts that have addressed th[e] issue have limited . . . presentation of [a] good faith defense to the testimony of the defendant and the defendant's limited quotation of materials upon which the defendant allegedly relied."[1]  The court agrees with defendants that none of the cases cited by the government "imposed an absolute requirement that the defendant testify before the court would admit good faith or reliance evidence."[2]  The court also agrees with defendants that, although, for instance, *United States v. Kraeger*[3] upheld exclusion of documentary evidence, *United States v. Schiff*[4] makes clear that the Second Circuit does not treat a defendant's testimony as a prerequisite to evidence of good faith.

The government cites *United States v. Conforte*[5] for the proposition that "[o]nly the defendants' in court testimony can lay the proper foundation."  That case recites general principles pertaining to assertion of a reliance on counsel defense.[6]  The

---

[1]Doc. 277 at 5.

[2]Doc. 285 at 3.

[3]711 F.2d 6 (2d Cir. 1983).

[4]801 F.2d 108, 111 (2d Cir. 1986).  *Schiff* provides explicitly that "[t]he willfulness of one accused of tax crimes may be proved by circumstantial evidence. . . . As a practical matter, such evidence is likely to be the only type available to support or rebut a good faith defense *other than the word of the defendant himself*."  *Id.*

[5]624 F.2d 869 (9th Cir. 1980).

[6]*Id.* at 877.

requirement that a "defendant must also show that he actually relied on the advice," however, speaks to neither evidentiary foundation nor a defendant's own testimony.[7] As the defendants correctly point out, the government's argument that the Jensens' must lay a foundation for the evidence they introduce is self-evident.[8]

The government sets out a five-factor test governing admissibility even though specific evidence has not been identified. Even if the court were to accept the government's test–a test which the court cannot say would be properly applied to the evidence in this case–that test cannot be applied in the abstract.

Ultimately, the government's arguments are premature and cannot be properly considered without context.

**B. Motion to Strike at Docket 291**

The government argues that the response in opposition at docket 287 is actually a motion *in limine* and that it was filed beyond the deadline for such motions. James Jensen argues that his opposition does not seek to exclude any testimony, only to point out that the government's arguments apply to both parties. Because the court is not treating the response at docket 294 as a motion *in limine*, it need not be stricken.

**C. Motion *In Limine* at Docket 278**

The government argues that "the defense should be prohibited from eliciting lay opinion testimony concerning the existence of defendants' good-fath beliefs."[9] James Jensen agrees and suggests that the court "prohibit *any* lay or expert testimony from any witness other than the [defendants] about their" tax views.[10]

Under Federal Rule of Evidence 701, lay opinion is only permissible where "(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of

---

[7]*Id.*

[8]Doc. 286 at 1–2.

[9]Doc. 278 at 5.

[10]Doc. 287 at 1.

-3-

the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702."[11]

In *United States v. Rea*,[12] the Second Circuit determined that lay opinion as to the defendant's knowledge would not be helpful to the jury. The court stated that where a "witness has fully described what a defendant was in position to observe, what the defendant was told, and what the defendant said or did, the witness's opinion as to the defendant's knowledge will often not be 'helpful' within the meaning of Rule 701 because the jury will be in as good a position as the witness to draw the inference as to whether or not the defendant knew."[13] The court generally agrees with the government that the reasoning set out in *Rea* is persuasive here.

However, merely because lay opinion as to the defendants' beliefs would not be helpful to the jury does not mean that defendants are required to testify in order to present evidence of their beliefs. The jury may infer from the properly presented testimony of defendants' witnesses (as contemplated in *Rea*) provided those witnesses do not opine as to whether the defendants held the beliefs in question.

In general, the court agrees with the government's assertion that "a lay witness reciting statements allegedly made by defendants would be inadmissible" hearsay.[14] However, without knowing specifically what a witness might say he heard one of the defendants say, it is impossible lay down a blanket rule excluding all such testimony. Conceivably there could be testimony about a defendant's statement that would be relevant to some issue but not offered "to prove the truth of the matter asserted" and consequently not hearsay.[15]

---

[11]Fed. R. Evid. 701.

[12]958 F.2d 1206 (2d Cir. 1992).

[13]*Id.* at 1217.

[14]Doc. 278 at 6.

[15]*See* Fed. R. Evid. 801(c).

-4-

### III. CONCLUSION

For the reasons above, the government's motion *in limine* at docket 277 is **DENIED**, but this ruling does not eliminate the need to lay some foundation for the introduction of any evidence. The government's motion *in limine* at docket 278 is **GRANTED** as follows: Defendants may not elicit lay opinion testimony as to whether the defendants held specific beliefs. The motion to strike at docket 291 is **DENIED**.

DATED at Anchorage, Alaska, this 4th day of May 2011.


/s/ JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

Case 3:09-cr-00108-TMB   Document 298   Filed 05/04/11   Page 5 of 5